

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 2:24-cr-013-KS-MTP

FRANKIE CORDARELL TATUM

### ORDER ON DEFENDANT'S MOTION IN LIMINE

THIS CAUSE IS before the Court on Defendant's Motion [40] In Limine filed by Frankie Cordarell Tatum requesting the Court to rule in limine and prevent the Government from using the contents from the Forensic Laboratory Examination Report for the reason that it was not timely disclosed to Defendant. The Court has reviewed the motion and the Government's response and the case law cited by the parties.

**Background**

On February 27, 2024, U.S. Postal Inspection Service in Mobile, Alabama, electronically profiled Priority Mail packages. The packages were addressed: C. Lawrence, 118 Juanita Blackwell Drive, Beaumont, MS. The packages had a return address of M. Thompkins, 402 Garland Ave., West Helena, AR. The packages were mailed from Calexico, CA, and El Centro, CA, which are known narcotic-source cities. The U.S.P.I.S. agents requested assistance from the Mobile County, Alabama Sheriff's Department K-9 unit to conduct a multi-parcel inspection and the K-9 officer alerted to the odor of narcotics emanating from the Priority Mail packages in question. On March 6, 2024, the U.S.P.I.S. agents obtained a federal search warrant from the United States Magistrate Judge in the Southern District of Alabama. When the agents opened the packages, they found a crystalline substance suspected to be methamphetamine. A field test confirmed that it was methamphetamine. The agents confirmed that the two packages combined,

contained 1,812 grams of the suspected methamphetamine. Prior to conducting the controlled delivery, the agents conferred with the United States Attorney's Office in the Southern District of Mississippi, who advised to remove all but two ounces of the suspected methamphetamine from each package and conduct the delivery. In place of the suspected drugs, which were removed, the agent placed copy paper, along with two ounces of the suspected methamphetamine in the packages and resealed them for delivery. The packages were marked in the Postal Service System as being delivered. A few hours later, as the agents were conducting surveillance, they observed a black Honda sedan arrive at the residence. A Black male exited the side of the vehicle and retrieved the packages, placed them in his vehicle, and then departed. The agents maintained visual surveillance of the vehicle and attempted to conduct a traffic stop. The driver, who was later identified as Frankie Cordarell Tatum, recognized that the agents were following him, and he attempted to allude same and poured the balance of the methamphetamine out of the package and it was never recovered. The remaining drugs were tested, and the purity level was shown to be 93%. The Defendant was ultimately arrested and later indicted on Count One of the Indictment for possession with the intent to distribute methamphetamine. The total amount of methamphetamine in the two packages that were investigated by the U.S.P.I.S. officers originally held approximately 1,800 grams of methamphetamine. All was removed except the two ounces that was left in the package that was delivered and retrieved by the Defendant. By preponderance of the evidence, the Government has established that the Defendant intended to possess all of the drugs, which equaled approximately 1,800 grams; all but two ounces had been removed by the U.S.P.I.S. officers and sent away for analysis. When the drugs were analyzed, they were shown to be 93% pure methamphetamine.

**The Motion in Limine**

The drug analysis and report were not delivered to the defense attorney promptly and even with that not accomplished, the Defendant continued and entered a plea of guilty. The case law states that a guilty plea waives the right to claim a Brady violation. *See Orman* 228 F.3d 617, 620-21. The Government argues that the late receipt of the Brady material was waived by the Defendant. Also, when the Defendant found out that he had not received all the required discovery, he did not request to withdraw his guilty plea.

The Court finds that the Motion in Limine should be denied. *See United States vs. Conroy,* 567 F.3d 174 (5th Circuit 2009).

For the reasons above stated, the Court finds that the Motion in Limine should be and is hereby overruled.

SO ORDERED, this the 23rd day of October 2024.

*Keith Starrett*
KEITH STARRETT
Senior United States District Judge